PRICE MEESE SHULMAN & D'ARMINIO, P.C.
50 Tice Boulevard, Suite 380
Woodcliff Lake, NJ 07677
Tel. (201) 391-3737
Fax (201) 391-9360
Rick A. Steinberg (RS-7396)
Rsteinberg@pricemeese.com

Attorneys for Plaintiff, CMA CGM S.A.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CMA CGM S.A., | : | Civil Action No. |
| Plaintiff, | : | |
| vs. | : | |
| PRIME SHIPPING INTERNATIONAL, INC. d/b/a PRIME AGENCY, | : | **COMPLAINT IN ADMIRALTY** |
| Defendant. | : | |

## PARTIES

1. Plaintiff CMA CGM S.A. ("Plaintiff") is a foreign corporation with its principal place of business in Marseille, France, and, through its agent CMA CGM (America) LLC, it maintains a place of business at One Meadowlands Plaza, Suite 201, East Rutherford, NJ 07073. CMA CGM S.A. and CMA CGM (America) LLC are hereinafter referred to collectively as "CMA."

2. Defendant Prime Shipping International, Inc. d/b/a Prime Agency ("Prime") has an office at 991 US Highway 22, Suite 200, Bridgewater, New Jersey 08807.

## JURISDICTION

1

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1333. This matter arises under the laws of the United States, in particular, The Shipping Act of 1984 (as amended), 46 U.S.C. § 40101 et seq. (hereinafter "the Shipping Act"), and involves contract(s) within the jurisdiction of this Court or claims pendent or ancillary to the same. This is an admiralty and maritime claim.

**FIRST COUNT**
**(For Money due Under Tariff & Service Contracts)**

4. Plaintiff is a common carrier by water, *inter alia*, in the foreign commerce of the United States as defined in the Shipping Act, and acted as such a common carrier for the benefit of Prime.

5. Prime is and was at all times herein mentioned a corporation with an office in this district and is and was a legal entity capable of being sued.

6. Venue is proper in this judicial district because Prime does business in the district.

7. Plaintiff has published a schedule of its rates, rules and charges, and other terms applicable to its carriage of cargo, including detention and demurrage, via an automated system that is open for public inspection as required by the Shipping Act, or has otherwise maintained said rates, charges, tariffs or service contracts pursuant to the Shipping Act. Pursuant to the Shipping Act, Plaintiff is prohibited from transporting cargo for rates and/or charges other than the applicable rates or charges specified in its tariffs or service contracts.

8. Plaintiff transported cargo for the benefit of Prime during 2016-2018 in the foreign commerce of the United States. The relevant transportation services provided by CMA for the benefit of Prime, as well as the applicable rates, charges, and terms are evidenced by CMA's bills of lading and/or freight bills, and invoices, the terms of which are incorporated herein through reference. Plaintiff has fully performed its obligations under the relevant contract(s) of carriage. A

summary of the relevant bills of lading and invoices are attached hereto as Exhibit "A" and made a part hereof.

9. CMA has demanded that Prime pay the full amount due of $86,675.00.

10. Prime has knowingly and willfully failed and refused to pay CMA the full amount due.

11. Consequently, Prime is liable to CMA in the amount of $86,675.00, plus reasonable attorney fees and interest thereon.

## SECOND COUNT
### (Breach of Written Contract)

12. CMA restates and re-alleges the allegations contained in paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13. Said transportation was performed pursuant to written contract(s) of carriage between CMA and Prime, as evidenced by said bills of lading and/or invoices listed in Exhibit "A."

14. CMA has fully performed its obligations under said contracts.

15. CMA has demanded that Prime pay the amount due under said contracts and Prime has refused to pay thereon.

16. Consequently, Prime is liable to CMA in the amount of $86,675.00, plus reasonable attorney fees and interest thereon.

## THIRD COUNT
### (Unjust Enrichment)

17. CMA restates and re-alleges the allegations contained in paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18. Prime has been unjustly enriched by failing to pay the ocean freight, demurrage and/or detention charges in an amount not less than $86,675.00.

## FOURTH COUNT
**(Quantum Meruit)**

19. CMA restates and re-alleges the allegations contained in paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. The fair value of the ocean cargo carriage and/or detention and/or demurrage services provided by CMA to Prime is not less than $86,675.00.

## FIFTH COUNT
**(Account Stated)**

21. CMA restates and re-alleges the allegations contained in paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. CMA issued the subject bills of lading which identify Prime as the shipper or consignee responsible for payment of all Freight, as defined by CMA's bill of lading terms and conditions as evidenced by said bills of lading and/or invoices listed in Exhibit "A."

23. Based on the account stated, CMA has been damaged in an amount not less than $86,675.00.

## SIXTH COUNT
**(Attorney Fees)**

24. CMA restates and re-alleges the allegations contained in paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. Based on the contract of carriage, Prime is liable to CMA for reasonable attorney fees and expenses incurred in collecting any sums due to CMA.

**WHEREFORE**, CMA demands judgment against Prime in an amount not less than $86,675.00, plus interest, court costs, attorney fees and such other relief as the court deems just and equitable.

PRICE MEESE SHULMAN & D'ARMINIO, P.C.

        Attorneys for Plaintiff

      By: /s/ Rick A. Steinberg
         Rick A. Steinberg
         50 Tice Boulevard, Suite 380
         Woodcliff Lake, NJ 07677
         Tel. (201) 391-3737
         Fax (201) 391-9360

Dated: June 4, 2019

## **CERTIFICATION PURSUANT TO DNJ LOCAL CIVIL RULE 11.2**

 I certify that the matter in controversy herein is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding now or contemplated, and that no other parties should be joined in this action.

      By: /s/ Rick A. Steinberg

Dated: June 4, 2019